IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

HERLAN O'BRIEN DAVIS,          :
                               :
      Petitioner,              :
                               :
vs.                            :     CIVIL ACTION 14-296-KD-M
                               :
CHERYL PRICE,                  :
                               :
      Respondent.              :

REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate that was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. This action is now ready for consideration. The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required. It is recommended that this habeas petition be dismissed as time-barred and that judgment be entered in favor of Respondent Cheryl Price and against Petitioner Herlan O'Brien Davis pursuant to 28 U.S.C. § 2244(d). It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

Petitioner was convicted of capital murder in the Wilcox County Circuit Court on October 15, 2002 for which he received a

1

life sentence, with no possibility of parole, in the state penitentiary (Doc. 1, p. 2; *see also* Doc. 12, p. 2).[1]  On appeal, the Alabama Court of Criminal Appeals affirmed the conviction (Doc. 12, Exhibit 2); that Court also overruled Petitioner's application for rehearing (Doc. 12, Exhibit 3).  On December 12, 2003, the Alabama Supreme Court denied Davis's petition for writ of *certiorari* and entered a certificate of final judgment (Doc. 12, Exhibit 4).

Petitioner has asserted that he filed a State Rule 32 petition on September 1, 2004 and that no ruling has ever been entered on it (Doc. 1, pp. 4-6).  Davis further asserts that the failure of a ruling for more than ten years has been in spite of his diligence in pursuing it (Doc. 16, pp. 2-3).  Wilcox County Court records demonstrate, however, that the purported petition was never recorded; it also shows that no enquiry concerning the

---

[1]Davis, in his Response to the Answer, asserts that Respondent is confused as to which conviction is being challenged herein, pointing out her assertion that he is challenging convictions for possession of controlled substances, burglary first degree, and attempted assault first degree (Doc. 16, p. 1).  While Respondent has listed these convictions (Doc. 12, p. 1), she discussed Davis's capital murder conviction in Wilcox County (Doc. 12, p. 2) and noted a separate capital murder conviction in Conecuh County (Doc. 12, p. 3).  The Court has reviewed the evidence provided and finds that Respondent has correctly identified the conviction being challenged herein as shown by the order of Wilcox County Circuit Judge Meigs sentencing Davis to life without parole for capital murder in case number 01-40 on October 15, 2002 (Doc. 1, p. 2; *cf.* Doc. 12, Exhibit 1b, pp. 148-49).

petition was ever made (Doc. 12, Exhibit 5).[2]

Petitioner filed a complaint with this Court on June 24, 2014[3] raising the following claims:  (1) His trial attorney rendered ineffective assistance; (2) his appellate attorney rendered ineffective assistance; (3) the trial court allowed inadmissible evidence to be presented to the jury; (4) the trial court was without jurisdiction to render a judgment or impose a sentence; (5) there was insufficient evidence to convict him; and (6) the State used its peremptory strikes in a racially discriminatory manner in selecting the jury (Doc. 1).

Respondent has answered the petition, arguing that it should be dismissed as it was not filed within the one-year statute of limitations period (Doc. 12, pp. 5-7).  Respondent refers to provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) that amended, in pertinent part, 28 U.S.C. § 2244.  The specific provision states as follows:

A 1-year period of limitation shall apply to

---

[2]The State acknowledges that it "does not have a complete copy of the record from direct appeal and other related documents" (Doc. 12, p. 2 n.1).  Nevertheless, the Court finds that the case action summary satisfactorily demonstrates that the Rule 32 petition was never filed.

[3]Respondent correctly notes that Petitioner neither signed nor dated his petition (Doc. 12, p.4 n.2).  Respondent has assumed the presumptive filing date was the date of the postmark on the petition's envelope (*see* Doc. 1, p. 29).  The Court will also use that date.

> an application for a writ of habeas corpus
> by a person in custody pursuant to the
> judgment of a State court.  The limitation
> period shall run from the latest of the date
> on which the judgment became final by the
> conclusion of direct review or the
> expiration of the time for seeking such
> review.

28 U.S.C. § 2244(d)(1)(A).

The AEDPA became effective on April 24, 1996.  *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998).

Petitioner's conviction became final on December 12, 2003, the day on which the Alabama Supreme Court issued a certificate of judgment (Doc. 12, Exhibit 4).  The AEDPA limitations clock began to run the next day and ran until December 11, 2004 at which time the clock stopped.

Davis's habeas corpus petition was not filed in this Court until June 24, 2014, more than nine years too late.  The Court finds that Petitioner has provided no cause for ignoring the dictates of the Anti-Terrorism and Effective Death Penalty Act of 1996 (*see* Doc. 16):  this action is time-barred.[4]

For the reasoning stated herein, it is recommended that

---

[4]Respondent also asserts that four of Davis's six claims were never raised in the State Courts and are unexhausted and procedurally defaulted and should not be considered because Davis cannot demonstrate both cause and prejudice for failing to raise the claims previously (Doc. 12, pp. 7-11).  As the Court has already found this petition barred by AEDPA, there is no need to take up this argument.

this habeas petition be dismissed as time-barred and that
judgment be entered in favor of Respondent Cheryl Price and
against Petitioner Herlan O'Brien Davis pursuant to 28 U.S.C. §
2244(d).

 Furthermore, pursuant to Rule 11(a) of the Rules Governing
§ 2254 Cases, the undersigned recommends that a certificate of
appealability (hereinafter *COA*) in this case be denied.  28
U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue
or deny a certificate of appealability when it enters a final
order adverse to the applicant").  The habeas corpus statute
makes clear that an applicant is entitled to appeal a district
court's denial of his habeas corpus petition only where a
circuit justice or judge issues a COA.  28 U.S.C. § 2253(c)(1).
A COA may issue only where "the applicant has made a substantial
showing of the denial of a constitutional right."  28 U.S.C. §
2253(c)(2).  Where a habeas petition is being denied on
procedural grounds, "a COA should issue [only] when the prisoner
shows . . . that jurists of reason would find it debatable
whether the petition states a valid claim of the denial of a
constitutional right and that jurists of reason would find it
debatable whether the district court was correct in its
procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484
(2000).  As Davis has not filed this action in a timely manner,

a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that he should be allowed to proceed further. *Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further").

CONCLUSION

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied. It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4. In order to be specific, an objection must identify the specific

6

finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 24th day of February, 2015.


s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE